*Lewis & McQuown, for appellants. Hardin, for appellee.*

---

CHARLES HOTTSINGER *v.* COMMONWEALTH.

**Criminal Law—Gaming.**

One not betting on gambling games and not knowing that others bet on them cannot be said to have suffered games to be played at which money was bet. It is essential in such a case to show that not only the owner or controller of the house knew that the games were played, but that he knew money or another thing of value was bet on them. One cannot be guilty of suffering a thing to be done unless he knows that it is being done.

**Suffering Gaming.**

To constitute a good charge for suffering gaming it must be alleged by the state that the accused knew that the game was being played, and that something was bet on it.

APPEAL FROM BOONE CRIMINAL COURT.

September 23, 1879.

OPINION BY JUDGE COFER:

It is not alleged that the appellant bet on the games, or that he knew that others bet on them. He cannot therefore be said to have

suffered games to be played at which money was bet. It is essential
to show that not only the owner or controller of the house knew
that the games were played, but that he knew money or other
thing of value was bet on them. He must suffer both the playing
and betting, and one cannot be said to suffer a thing to be done
unless he knows that it is being done.

The word "suffer" in the statute is used in the sense of allowing
by silent consent, or by not prohibiting; one cannot give silent con-
sent that a thing be done unless the purpose of another to do the
thing be known. An indictment for suffering gaming must there-
fore charge in some way that the defendant knew that the game
was being played, and that something was bet on it. This may be
done by using the language of the statute or other equivalent words.

All that is charged in the indictment may be true, and yet the
appellant may have been ignorant that any betting was being done.
The indictment for that reason failed to state facts constituting a
public offense, and the judgment should have been arrested. Judg-
ment *reversed,* and cause remanded with directions to arrest the
judgment.

*Green F. Riddell, for appellant.    Hardin, for appellee.*

